Moncure, P.,
delivered the opinion of the court.
This is a writ of error to a judgment in a case of misdemeanor. The plaintiff in error, "William Massie, was indicted in the county court of Franklin county on the 6th day of March, 1876, for that he, “ on the-day of May, 1875, at Prillman’s precinct, in the said county of Franklin, did sell by retail, wine, spirituous and malt liquors, and mixtures thereof, to be drunk in and at the place of sale, without having first obtained the certifi *842 cate and a license, according to law, to keep an ordinary or a licensed eating-house at the said place of sale, against the peace and dignity of the Commonwealth of Virginia.” The general issue on the plea of “ not guilty ” was joined in the case, which was tried by a jury on the 6th day of june, 1877, when a verdict was rendered in these words: “ We, the jury, find the defendant guilty, and assess the fine at thirty dollars.” An entry on the record in these words immediately follows the entry of the verdict: “And the defendant, by his attorney, desiring to move the court for an arrest of judgment and a new trial, judgment on said verdict is withheld.” On the next day,, to-wit: the 7th of June, 1877, it is stated in the record that on “this day came,” &c., “whereupon the defendant, by his attorney, moved the court for an arrest of judgment on the verdict rendered against said defendant on yesterday, which motion being fully argued, the same is overruled; whereupon the defendant, by his attorney, tendered a bill of exceptions, which was signed, sealed and made a part of the record; and the court proceeding to render judgment on said verdict, it is considered that the Commonwealth recover against said William Massie $30, the fine by the jury in their verdict ascertained and the costs of this prosecution.”
The bill of exceptions states that “ the prisoner moved, the court to arrest the verdict rendered by the jury, because the evidence did not authorize or justify the same,, and the court certifies that the proof in the cause showed that no liquor was sold by the defendant at the house where the elections are held, or in the curtilage of said house, known as the Prillman precinct; but it was proved that on said day the defendant did sell ardent spirits in the woods near the public road, at the distance of three or four hundred yards from the house at which the votes were polled in said precinct, and nowhere else so far as the proof disclosed; but the court refused to *843 arrest said verdict, and rendered a judgment on the same. To which opinion of the court the defendant excepts,” &c.
The defendant applied to the judge of the circuit court of said county for a writ of error to said judgment of the county court, which was refused; and then he applied to this court for such writ of error, which was allowed.
The only errors assigned in the judgment are:
“1st. It appears from the certificate of the evidence furnished by the court that no liquor was sold by the defendant at the house or in the curtilage known as Prillman’s precinct; but the only liquor proved to have been sold by the defendant was'sold in the woods three ar four hundred yards from said house, and your petitioner represents that it does not appear from said proof that the place in the woods at which said liquor was sold was in Prillman’s precinct at all; and, •
“ 2d. It does not appear from the facts proved, as certified by the court, that Prillman’s precinct is in the county of Franklin, or that the place in the woods at which the liquor was proved to have been sold is in said county.”
The court is of opinion that there is no error in the said judgment on either of the said two grounds assigned as such, or any other.
In regard to the first assignment of error, it is not charged in the indictment that “liquor was sold by the defendant at the house or in the curtilage known as Prillman’s precinct,” but only that it was sold “at Prillman’s precinct in said county of Franklin.” It is said in this assignment of error, that “ the only liquor proved to have been sold by the defendant was sold in the woods three or four hundred yards from said house,” and “it does not appear from said proof that the place in the woods at which said liquor was sold was in Prillman’s precinct at all.” A conclusive answer to this objection *844 is, that the hill of exceptions does not set out, nor profess to set out, all the facts proved or evidence introduced on the trial. Non constat that it was not, and the presumption is that it was, proved on the trial that the place in the woods at which said liquor was sold was in Prillman’s precinct.
In regard to the second assignment of error, it is also a conclusive answer to it that the bill of exceptions does not set out, nor profess to set out, all the facts proved or evidence introduced on the trial. Non constat that it was not, and the presumption is that it was, proved on the trial, that Prillman’s' precinct, and also the place in the woods at which the liquor was proved to have been sold, are in'said county.
The court is therefore of opinion that the said judgment ought to be affirmed.
'Judgment affirmed.